```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**DONNELL F. TIMLEY, SR.,**

                      **Plaintiff,**

       v.                                     **CASE NO. 17-3101-SAC-DJW**

**C.R. GOETZ, et al.,**

                      **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed a prisoner held at the Federal Correctional Institution, Florence, Colorado. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The Court has examined the financial records supplied by the plaintiff and finds that during the six months preceding the filing

of this action, he had an average daily balance in excess of $1,100.00 in his institutional account (Doc. #2, Attach., p. 4). The Court concludes that plaintiff has sufficient resources to pay the $400.00 filing fee and will deny leave to proceed in forma pauperis.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff alleges his rights under the Eighth Amendment were violated by four officers employed at the FCI Florence. His claims concern the conditions of his confinement, including his assignment to a dry cell, limited access to showers and hygiene, limited access to bedding and a mattress, and the handling of his mail. He seeks damages and other relief.

The Court finds that venue is not proper in the District of Kansas.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided in law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in

the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, no defendants reside in Kansas, and the acts and omissions alleged took place during plaintiff's incarceration in FCI Florence. Accordingly, venue is proper in the United States District Court for the District of Colorado.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court has considered the complaint and finds that transfer is appropriate. Plaintiff's claims appear to be timely, and they are not patently frivolous or malicious.

Accordingly, the Court recommends that this matter be transferred to the U.S. District Court for the District of Colorado and directs plaintiff to file any objection to this recommendation within fourteen (14) days from his receipt of this order. The failure to file a written, specific objection waives de novo review of the matter by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted fourteen (14) days from his receipt of this order to show cause to the Honorable Sam A. Crow why this matter should not be transferred

to the U.S. District Court for the District of Colorado.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. #2) is denied.

A copy of this order shall be transmitted to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 17th day of July, 2017, at Kansas City, Kansas.


                              s/ David J. Waxse
                              DAVID J. WAXSE
                              U.S. Magistrate Judge